UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FCCI Commercial Insurance Company and FCCI Insurance Company,

        Plaintiffs,

v.

Residential Drywall, Inc. and Robert C. Pate, as Trustee for the Chinese Drywall Trust,

        Defendants.

CASE NO.: 8:10-cv-01567-VMC-MAP

Request for Oral Argument (30 mins)

## DEFENDANT, RESIDENTIAL DRYWALL, INC.'S, MOTION TO DISMISS

Defendant, RESIDENTIAL DRYWALL, INC., hereby moves this Court to dismiss this action.

### MEMORANDUM OF LAW

### PRELIMINARY STATEMENT

In December of 2009, Pate, in his capacity as Trustee, filed a lawsuit against FCCI, and fourteen other insurance companies in the United States District Court for the Eastern District of Louisiana (the "Louisiana Action"). The Louisiana Action forms part of the Chinese Manufactured Drywall Products Liability Multidistrict Litigation (the "MDL"), and seeks declaratory relief concerning, among other issues, FCCI's obligations under five insurance policies that it sold for claims arising from defective Chinese manufactured drywall.

FCCI filed this action against the Trust approximately *seven months later* (the "Florida Action"). Like the Louisiana Action, the Florida Action requests declaratory relief

concerning FCCI's obligations under insurance policies it sold for claims arising from defective Chinese manufactured drywall. The Louisiana Action, however, is the more comprehensive of the two actions. It names eighteen other insurance company defendants in the First Amended Complaint, asserts breach of contract and tortious interference with contract causes of action, and seeks coverage under three other FCCI insurance policies that FCCI fails to mention in the Florida Action as well as fifty-one other insurance policies sold by other insurance companies.

Pursuant to the "first-filed rule," this Court should dismiss the Florida Action. The issues that FCCI places before the Court in the Florida Action should be decided only once in the Louisiana Action, which is the more comprehensive of the two actions. Furthermore, maintenance of the Florida Action will result in piecemeal adjudication, duplicative discovery, inefficient use of the judicial system, and potentially inconsistent results, all of which the Louisiana Action, as part of the MDL, seeks to avoid.

## FACTS

On December 23, 2009, Pate, as Trustee of the Trust, filed the Louisiana Action in United States District Court for the Eastern District of Louisiana against FCCI, as well as American Guarantee and Liability Insurance Company, Amerisure Insurance Company, Amerisure Mutual Insurance Company, Auto-Owners Insurance Company, Hermitage Insurance Company, Illinois Union Insurance Company, Landmark American Insurance Company, Lexington Insurance Company, Mid-Continent Casualty Company, National Union Fire Insurance Company of Pittsburgh, PA, Old Republic Insurance Company, Scottsdale Insurance Company, and Steadfast Insurance Company. The Complaint was

amended on March 15, 2010 to add five more insurance companies: Hartford Accident & Indemnity Company, NGM Insurance Company, Ohio Casualty Company, Owners Insurance Company, and West American Insurance Company.

The Louisiana Action seeks a declaratory judgment that the insurance companies are obligated to indemnify the Trust in connection with claims arising from the development and sale of homes allegedly containing defective Chinese manufactured drywall (the "Underlying Claims"). The insurance policies at issue in the Louisiana Action include five FCCI insurance policies (collectively, the "FCCI Insurance Policies").

FCCI filed the Florida Action on July 16, 2010, and filed an amended complaint on August 12, 2010. Like the Louisiana Action, the Florida Action seeks declaratory relief concerning FCCI's contractual duties to the Trust. FCCI seeks this relief under two of the insurance policies that are already at issue in the Louisiana Action. The Florida Action puts at issue five insurance policies that FCCI sold to Residential Drywall, Inc. Two of these insurance policies are at issue in the Louisiana Action. FCCI claims that of the five insurance policies it has placed at issue, only one policy is triggered. FL Compl. ¶ 34.

The Florida Action is less comprehensive than the Louisiana Action in that it concerns only those policies naming WCI and Residential Drywall, Inc. ("Residential") as policyholders, and not the other insurance policies that FCCI sold to other subcontractors and under which WCI seeks coverage in the Louisiana Action.

ARGUMENT

I. **UNDER THE FIRST-FILED RULE, THE COURT SHOULD DISMISS THE FLORIDA ACTION**

"[W]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).

The first-filed rule "is consistent with the doctrine of federal comity which requires the federal district courts to refrain from interfering with each others' affairs in order to avoid duplication of judicial resources and conflicting decisions." *Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998). The first-filed rule also aims to avoid "piecemeal resolution of disputes" and multiple actions. *Groom v. Bank of Am.*, No. 8:08-cv-2567-T-27EAJ, 2010 WL 627564, at *9 (M.D. Fla. Feb 23, 2010); *Pollution Prevention Servs., Inc.*, 1996 WL 378990, at *7.

The first-filed rule favors resolution of the overlapping dispute through the more comprehensive action. *See Federal Ins. Co. v. Mazer Corp.*, No. 3:08-cv-0374, 2009 WL 650393, at *4 (S.D. Ohio Mar. 11, 2009) (holding that a state court action was "the better forum for this insurance contract interpretation dispute" because, among other things, it was filed first and "more comprehensive"); *Hipage Co. v. Access2Go, Inc.*, 589 F. Supp. 2d 602, 617 (E.D. Va. 2008) (favoring resolution of dispute in first-filed lawsuit that "provides a broader and more comprehensive forum for resolving the entire dispute between the parties").

### A. The First-Filed Rule Applies Here Because The Louisiana And Florida Actions Substantially Overlap

In this case, the first-filed rule applies because the Louisiana and Florida Actions involve overlapping parties, issues, and claims. "The first-filed rule considers (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Groom*, 2010 WL 627564, at *9.

Here, the Louisiana and the Florida Actions substantially overlap. Both actions involve overlapping parties: Pate, as Trustee, and both FCCI insurance companies, as the vendors of the insurance policies at issue.

Furthermore, the Louisiana and Florida Actions involve overlapping factual and legal issues. Both the Louisiana and Florida Actions will require factual determinations concerning the supply, installation, and effects of Chinese manufactured drywall at overlapping locations. Additionally, both actions will require an interpretation of insurance policies sold by FCCI, two of which are at issue in both the Louisiana and Florida Actions.

Moreover, resolution of this dispute via the Louisiana Action will encourage uniformity of policy interpretation and efficiency since the insurance policies at issue in the Florida Action will likely contain similar terms to the insurance policies at issue in the Louisiana Action.

Additionally, the Louisiana and the Florida Actions involve overlapping claims. Both actions seek declaratory relief, and both actions request an interpretation of FCCI's obligations under the insurance policies that it sold. Since the Louisiana and Florida Actions substantially overlap in their parties, issues, and claims, this Court should apply the first-filed rule and dismiss, or in the alternative, stay or transfer the Florida Action.

### B. No Compelling Circumstances Warrant Departure From The First-Filed Rule

In this case, no compelling circumstances exist to warrant departure from the first-filed rule. Neither Residential, nor FCCI, nor Pate are citizens of Louisiana. However, Residential has been named as a party in four Chinese Drywall cases already pending in the Eastern District of Louisiana (FL Compl. ¶¶ 19, 21, 24, 25), Pate is already party to the Louisiana Action, and FCCI is party to the Louisiana Action and *Amato et al v. Liberty Mutual Insurance Company*, 2:10-cv-00932-EEF-JCW (E.D. La., filed Mar. 19, 2010).

Trial efficiency mandates the dismissal of the Florida Action to the Eastern District of Louisiana. Proceeding with the Florida Action will result in different or duplicative pretrial procedures, and waste the resources of the parties and the judiciary over the same issues that already are pending, in the Louisiana Action.

### CONCLUSION

For the foregoing reasons, RESIDENTIAL DRYWALL, INC. respectfully requests this Court to dismiss this action.

## CERTIFICATION PURSUANT TO LOCAL RULE 3.01(G)

Defendant, RESIDENTIAL DRYWALL, INC., certifies that pursuant to Local Rule 3.01(g), it conferred with counsel for FCCI, but counsel for all parties were unable to agree on a resolution of this motion.

Dated:      September 22, 2010

/s/ Andrea M. Fair,
Andrea M. Fair, Esquire
FAIR LAW GROUP, PLLC
Florida Bar No.: 974285
13046 Racetrack Road #236
Tampa, Florida 33626
(813) 412-1077 (telephone)
(877) 879-4990 (facsimile)
Trial counsel for Defendant, Residential Drywall, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.

/s/ Andrea M. Fair,
Andrea M. Fair, Esquire